## HAYNES *et al.* v. HARRIS.

1. **Administrator:** HEIRS : RIGHT TO ASSETS. The mere fact that no administrator of an estate has been appointed after considerable lapse of time, does not confer upon the heirs of the intestate the property in the personal effects of the deceased, nor enable them to maintain suit in their own name, on a promissory note forming a part thereof.

2. —— Upon the appointment of an administrator, his title in such property relates back to the death of the intestate.

3. —— But if it were shown that there were no debts against the estate, and that the period fixed for granting letters of administration had expired, it seems that the right of the heirs to the proceeds of the note would be protected and enforced.

*Appeal from Pottawattamie District Court.*

SATURDAY, FEBRUARY 24.

ACTION at law upon a promissory note, executed by defendant to Maria Haynes, April 14, 1860, and due one day after date. The petition alleges that the payee of the note died intestate in the State of Indiana, July 20, 1862;

that no administration was ever granted upon her estate, and that plaintiffs are her sole heirs. It is alleged that upon her death the real and personal estate owned by her came into the possession of plaintiffs as her heirs. Plaintiffs aver that the note in suit, upon the death of the payee, became the property of plaintiffs as her heirs, and that they still own and hold the same.

The answer denies plaintiffs' ownership of the note, and avers that the property in said note, upon the death of the payee, vested in an administrator appointed, or to be appointed; that, under the laws of the State of Indiana, the time for taking out letters of administration has not elapsed, and that a suit upon the note by an administrator is not barred.

The cause was tried to the court without a jury, and judgment rendered for plaintiffs, in the amount of the note and interest. Defendant appeals.

*Mynster & Hight* for the appellant:

Heirs, or next of kin as such, cannot maintain an action for the recovery of the personal property of a decedent, nor for the collection of debts due a decedent, even when no executor has been appointed — and the fact that the estate is free from debt, or that debts are barred by lapse of time, even if alleged and proven, makes no difference. *Woodin et al.* v. *Bagley's Executors*, 13 Wend. 456; *Beecher* v. *Grouse*, 19 id. 308; *Jenkins et al.* v. *Freyer et al.*, 4 Paige's Ch. 51 *et seq.* This last case, being in equity, of course might have been maintained by the *real parties* in *interest*. *Lawrence* v. *Wright et ux.*, 23 Pick. 128; *Hall* v. *Burgess*, 5 Grey, 12; *Coons* v. *Nall's Heirs*, 4 Litt. (Ky.) 264; *Brunk* v. *Means*, 11 B. Monr. (Ky.) 217; *Roorback* v. *Lord*, 4 Conn. 347; *Smith* v. *Denny*, 37 Mo. 20. "Only the executor or administrator, and not the heirs or next of kin of a decedent, can claim possession of his bills and notes, or

demand payment thereon, or put them in suit." 1 Pars. on Bills and Notes, 154; *Morse* v. *Clayton*, 13 Smedes & Marsh. 373.

*Clinton, Hart & Brewer* for the appellees.

BECK, Ch. J. — Upon the trial of this case, under the issues formed by the pleadings, the parties agreed that the allegations of the petition, to the effect that no administration had been taken out, upon the estate of the payee of the note, in Indiana, or elsewhere, and that she died intestate, at the time and place stated in the petition, should be taken as true. This admission, and the note sued upon, was all the evidence introduced by plaintiffs. Defendant gave in evidence the statutes of the State of Indiana, which provide no limitation by lapse of time, against granting administration, and that the personal representatives, when duly appointed, succeed to the personal estate of the deceased. No other evidence was given by either party. It will be remarked, that it is shown, neither by the pleading nor evidence, that the estate of the payee of the note was not indebted, nor is it averred, or proved, that plaintiffs paid debts of the deceased, or held the note for that purpose. We are called upon to decide whether, under the facts of the case, plaintiffs can maintain this action.

At common law the personal property of an intestate goes to the administrator and not to the heirs. Upon the appointment of an administrator his title in such property relates back to the death of the intestate. There is no statute in this State changing these rules. *Rhodes* v. *Stout*, 26 Iowa, 313.

The fact that no administrator has been appointed does not confer upon the heirs the property in the personal effects of the deceased. If delay in granting administration for ten years, or any other longer time, would have

this effect no reason can be given why the same result would not be accomplished by a delay of five years, or a shorter period. It is very plain that the length of time intervening between the death of the intestate and appointment of the administrator, can have no influence in determining that the property belongs to the heir. If, upon the death of the intestate, the title of personal property does not vest in the heir, it will not, in the future, on account of delay in taking out administration. We conclude that, in the case before us, the property in the note sued on is not shown to be in plaintiffs. The fact that the time limited by the statutes of this State in which administration may be granted had expired, does not demand a different conclusion. If the heir, at the death of the intestate, has no property in the personal effects of the estate, it is difficult to see how the fact that no other person has will give him the title. These views are supported by the following authorities: *Woodin et al.* v. *Bagley*, 13 Wend. 453; *Beecher et al.* v. *Grouse & Bruce*, 19 id. 306; *Jenkins et al.* v. *Freyer et al.*, 4 Paige's Ch. 47; *Lawrence* v. *Wright*, 23 Pick. 128; *Hall* v. *Burgess*, 5 Gray, 12; *Coons* v. *Nall's Heirs*, 4 Litt. 264; *Brunk* v. *Means*, 11 B. Monr. 217; *Roorback et al.* v. *Lord et al.*, 4 Conn. 347; *Smith et al.* v. *Drury et al.*, 37 Mo. 20.

II. Plaintiffs' counsel insist that, as plaintiffs are the real parties in interest, they may, under the statutes of this State, maintain this action. The difficulty just here is that the evidence in the case does not disclose the fact to be that plaintiffs are the real parties in interest. Suppose the estate to be indebted, the creditors would be first entitled to the proceeds of the note, and if it should be insolvent the heirs would have no interest whatever in the note. But, counsel reply, the time for taking out letters of administration has expired, and the creditors, if there be any, are barred from establishing their claims against the estate. We are not prepared to hold that a creditor,

in no case, could not reach the note in suit and subject it to his debt. It is quite probable that, if a creditor holding a claim against the estate would show that he had been guilty of no *laches*, as for instance that he had not known of the death of the intestate, or that through the fraudulent acts and representations of plaintiffs and defendant, he had delayed in taking out letters of administration or the like, he would be aided by some proceeding known to the law or chancery to recover his claim out of the note sued on in this case. There is no evidence before us showing that the estate is free from debts that may be enforced against the note.

We are not called upon to discuss the question, but there is no impropriety in our expressing the opinion that plaintiffs are not without a remedy in case it be made to appear that there are no debts against the estate, and letters of administration, on account of the lapse of time, cannot be taken out. In such a case plaintiff's legal or equitable rights to the proceeds of the note could not be questioned. If the law would supply no remedy equity, which " is the correction of that wherein the law, by reason of its universality, is deficient," would afford relief.

III. The plaintiffs' counsel contend that it does not appear from the petition, that plaintiffs claim to hold the note as heirs, and base their right to recover upon that ground. They insist that the petition avers generally the ownership of the note by plaintiffs, and, as they are in possession of the instrument, they must be presumed to be the owners in the absence of proof to the contrary; and, there being no such proof in this case, judgment was properly rendered in their favor.

We do not think the petition will support the construction put upon it by counsel. The obvious meaning of the pleading is that plaintiffs are the owners of the note because of their heirship. It is quite apparent that the pleader intended to convey that idea. A critical con-

sideration of the language used strengthens this conclusion.

In our opinion the evidence before the court below does not support the judgment. It is therefore

Reversed.