## PHINNY ET AL. v. WARREN.

1. **Descent**: WHEN NO ADMINISTRATOR IS APPOINTED: PROMISSORY NOTE. The personal property of a decedent intestate, after the lapse of five years from the date of his death without the appointment of an administrator, becomes the joint property of his heirs at law, and they may maintain actions for the collection of notes executed to him.

*Appeal from Mahaska Circuit Court.*

TUESDAY, OCTOBER 28.

ACTION in equity upon a promissory note. The note was executed by one Coonrod as principal and the defendant as surety, and made payable to one Joseph P. Phinny, who died intestate March 22, 1867. The plaintiffs are the heirs of the intestate, and claim to be the owners of the note as such heirs. No letters of administration ever issued upon the intestate's estate. This action was brought after the lapse of five years from his death, but within ten years from the time the note matured. The plaintiffs set up as the ground of equitable jurisdiction the lapse of the five years and the fact that no letters have been issued. There was judgment for the plaintiffs. The defendant appeals.

Phinny v. Warren.

*M. E. Cutts*, *J. A. Hoffman* and *J. H. Warren*, for appellant.

*C. P. Searle* and *J. F. Lacey*, for appellees.

ADAMS, J.—The defendant insists that the plaintiffs have no remedy at law because there has been no administration, and no distribution, and no remedy in equity because there is no ground of equitable jurisdiction. If the time had not expired within which an administrator might be appointed, it would seem to be certain that the action could not be maintained. *Haynes v. Harris*, 33 Iowa, 516. But it is shown that the statutory period has expired and that no administrator can be appointed. Whether the heirs can now be regarded as holding the legal title to the note we need not determine. They acquired an interest in it at the death of the intestate, subject only to such rights as an administrator might have if one should be appointed. *Perryman v. Green*, 39 Ala., 133; *Thompson v. Thomas*, 30 Miss., 152. As no administrator can now be appointed, it appears to us that their interest is subject to nothing. Whatever obstacle, then, there might have been at one time to their maintaining an action, it has ceased to exist.

*1. DESCENT: when no administrator is appointed: promissory note.*

The amount of personal property in this state which has not been administered upon, and never can be, is doubtless very large. It would do incalculable mischief to adopt a rule which would prevent the heirs or their vendees from maintaining an action in relation to such property. Whether the plaintiffs' remedy was at law instead of equity we need not inquire. The defendant does not complain that he was entitled to a trial by ordinary proceedings of which he has been wrongfully deprived. We think the judgment must be

AFFIRMED.

ON REHEARING.

PER CURIAM.—Upon the death of the payee of the note it may be conceded that the note became the property of the

administrator, if there was one. But if no administrator is appointed it will not do to say the note ceased to be property. Property cannot be thus blotted out. There is no statute which requires that letters of administration should be taken out, or that imposes a penalty for not doing so. It may be that at common law personal property goes to the administrator, and if none is appointed it possibly would escheat. But the statute provides that personal property not required for the payment of debts shall be distributed to the heirs, and this must be the rule whether an administrator has been appointed or not. The statute further provides that administration cannot be granted after the lapse of a certain period of time, except possibly where there has been fraud, accident or mistake.

During such statutory period it may possibly be the title to the property is in abeyance. At its expiration, however, the title thereto vests in the heirs at law, and they may maintain an action thereon. The title of the heirs is joint until there has been a division, just as it would be if the property consisted of real estate; to recover which all the heirs must join, notwithstanding their shares may be different. The note in question belongs to the plaintiffs jointly, and it matters not what their respective shares may be; therefore the plaintiffs could have maintained an action at law on the note. They, however, entitled their action in equity. No motion, however, was made to transfer to the law docket, nor was any objection made to the form of the action, nor was it insisted that the action should have been at law in the court below. It cannot, therefore, be made for the first time in this court. It is insisted that the views herein expressed are antagonistic to what was said in *Haynes v. Harris*, 33 Iowa, 516. To some extent this may be true, but that case is clearly distinguishable from this, because the statutes of Indiana do not provide any limitation or statutory bar to granting letters of administration. It appeared, therefore, in that case, that administration might at some future time be granted.

The petition for a rehearing is, therefore, overruled.