# E. J. CHRISTE, Administrator, Appellant, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

**Release:** ESTATES OF DECEDENTS. The parents of an intestate, who was killed while employed on a railroad, settled with the company and released all claims to damages    There were no debts against the deceased, and his parents were his sole heirs. *Held*, that the settlement and release by the parents, though made without intervention of an administrator, was .valid, and precluded a recovery for the intes'ate's death, by an administrator who was appointed after the settlement.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

## WEDNESDAY, APRIL 6, 1898.

PLAINTIFF is administrator of the estate of one Lloyd P. Connor, deceased, and brings this action to recover of defendant damages for the death of said intestate, caused, it is charged, by the negligence of said railway company. Among other defenses set up was that defendant had fully settled and paid the claim for the death of said Connor. The cause was brought on for trial before a jury. After the testimony was all in, on motion, the court instructed the jury to return a verdidct for defendant, on the ground that the damages sued for had been fully satisfied, and defendant released from all claims. A verdict was returned in accordance with the instruction, and from the judgment rendered thereon the plaintiff appeals.—*Affirmed.*

*Rickel, Crocker & Christie* and *Ranck & Bradley* for appellant.

*A. E. Swisher, John T. Scott, Geo. E. McCaughan,* and *Carroll Wright* for appellee.

WATERMAN, J.—Lloyd P. Connor, while in the employ of defendant company, was killed in its yards at Brooklyn, Iowa, May 11, 1893. At the time of his death he was unmarried, and he left, surviving, his father and mother, who were his sole heirs at law. On September 20, 1893, defendant made a settlement with the father and mother of said Connor, and took from them the following instrument:

"For the consideration of $250.00, received of the Chicago, Rock Island & Pacific Railway Company, I hereby release and discharge said company from all claims and demands against it, and especially from all liability for loss or damages to us, or either of us, or to the estate of the said Lloyd Connor, deceased, of which estate we are the sole distributees; the said Lloyd Connor having died from injuries received at Brooklyn, Iowa, having been run over by a car while in the employ of said railway company as a switchman. And the said Lloyd Connor being our minor son, and having died intestate, unmarried, and without issue, we, his surviving parents, for the consideration above named, do hereby release and discharge said railway company from all liability to us, or to the estate of said Lloyd Connor, whether on account of damages by reason of his death, for money due him, or for or on any other account whatsoever. Said accident having occurred on or about the eleventh day of May, A. D. 1893. Received payment September 20th, 1893. Mrs. J. E. Connor. John Connor.

"The above was read to and signed by the said Mrs. J. E. Connor and John Connor in our presence, at Brooklyn, Iowa, on the twentieth day of September, 1893. J. H. Tucker.   Lewis Clark."

The fairness or good faith of this settlement is not questioned, nor is it claimed that Lloyd Connor had any creditors.   On August 1, 1894, plaintiff procured himself to be appointed administrator of the estate of said Connor, and on the fourteenth of that month he began this action.   The sole question for determination is whether the settlement with the heirs precludes a recovery by the administrator; or, putting it in another way, is administration of the estate of an intestate a necessity in this state, or is it only a matter of legal convenience?   Counsel for appellant insist that the heirs had no title to or ownership of the claim against the defendant, and that, therefore, the settlement with them was of no validity, and their receipt cannot bar the administrator in this action.

II.   By section 2526, Code 1873, it is provided: "When a wrongful act produces death, the damages shall be disposed of as personal property, belonging to the estate of the deceased, except that if the deceased leaves a husband, wife, child or parent, it shall not be liable for the payment of debts." Under our law the right to a distributive share of personalty in the estate of an intestate vests *instanter* in the heir upon the death of the owner, and not from the time of distribution made.   Distribution gives to the distributee no new title, but only ascertains the property to which title attaches.   *Moore v. Gordon*, 24 Iowa, 158.   2 Williams, Personal Property, 277, gives this as the common rule.   It has been held in this state that heirs cannot maintain an action upon notes due the estate during the period allotted for administration.   The ground upon which this holding is based is, not that they have no title, but that the extent of their interest has not

been determined. Creditors have a first right to such of the personal assets as are not exempt, and it is only through administration that their rights can properly be made known and determined. After the time limited for administration has expired, the heirs may maintain such an action in their own names. *Phinny v. Warren*, 52 Iowa, 332. As bearing upon this question of the rights of the heirs, see *Adkinson v. Breeding*, 56 Iowa, 26; *Kelley v. Mann*, 56 Iowa, 625, 628; *Stewart v. Phenice*, 65 Iowa, 475 (481); *Jordan v. Hunnell*, 96 Iowa, 334. To hold that the heirs of an intestate have no property right in the personal estate until after distribution would cut off the estate of an heir who died before administration was closed, from an interest in such property. This, we take it, no one will claim to be the law. In *Phinny v. Warren, supra,* it is said, speaking of a note which was part of the assets of an estate upon which no administration had been taken out: "Upon the death of the payee of the note, it may be conceded that the note became the property of the administrator, if there was one. But, if no administrator is appointed, it will not do to say the note ceased to be property. Property cannot be thus blotted out. There is no statute which requires that letters of administration should be taken out, or that imposes a penalty for not so doing."

Section 2367 of the Code of 1873 provides that original administration cannot be had after a lapse of five years from the death of the intestate. This does not mean that letters must be taken out within that time, whether desired or not, but is intended as a bar to creditors. If, in the case of an intestate estate, there are no debts, and the property is such as can be divided, and the heirs agree upon a division, we know of nothing, either in law or reason, to prevent them from settling the estate without the intervention of an administrator. In the case at bar, the only property

of the estate was the claim against defendant railway. There were no creditors, and the money received from the railway was not subject to their claims, had there been any. The father and mother were sole heirs, and, as such, they received this money, and receipted in full for all demands of the estate against the company. To say that they cannot do this,—that there must be an administrator, whether they wish or not, through whose hands this money must pass to them,—is to establish a rule that we are not inclined to sanction. In *Walworth v. Abel*, 52 Pa. St. 370, it is said: "No doubt the personal estate of a decedent vests in the administrator, but in trust for the creditors and heirs or legatees. The mere legal estate passes to the administrator. The equitable descends upon the parties entitled to distribution. If there be no creditors, the heirs have a complete equity in the property; and if they choose, instead of taking letters of administration, to distribute it by arrangement made and executed among themselves, where is the principle which forbids it?    *    *    * And why shall the arrangement be broken up by a mere intermeddler? Family arrangements are favorites of the law, and when fairly made are never allowed to be disturbed by the parties, or any other for them." In a case in Minnesota identical in principle with the case at bar, it was held that a settlement with the next of kin of a claim for damages for the death of the intestate would bar a recovery by an administrator, afterwards appointed. *Sykora v. Machine Co.*, 59 Minn. 130 (60 N. W. Rep. 1008). See, also, *Needham v. Gillett*, 39 Mich. 574; *Schmidt v. Deegan*, 69 Wis. 300 (34 N. W. Rep. 83); *Vail v. Anderson*, 61 Minn. 552 (64 N. W. Rep. 47).

The administrator is a mere trustee for the creditors and the heirs. If he received the money from defendant, he could but do with it what has already been done. It would seem both useless and expensive

to re-open this matter, in which he has no interest, save
as he represents the heirs, and with the present status
of which the heirs are entirely satisfied. In *Dowell v.
Railway Co.*, 62 Iowa, 632, in a suit by the adminis-
trator to recover damages for the death of his intestate,
the defendant pleaded satisfaction by payment to the
widow; and it was held that she could release the claim,
so far as her interest was concerned, but that the satis-
faction could extend no further. This case is cited by
appellant in support of his contention. We regard it
as conclusive against him. Our attention has been
called to no decision in conflict with the views here
expressed. In *Wymore v. Mahaska County*, 78 Iowa,
396, cited by appellant, the holding was that, when the
negligence of parents could not be directly urged as a
defense, it could not be set up indirectly; or, stating
it more specifically, that one liable to an administrator
for negligence which caused the death of a child of
tender years, could not set up as a reason for not
responding in damages, that the parents, who were also
negligent, would get the benefit of what might be paid.
In *Stahl v. Brown*, 72 Iowa, 720, the only question
decided was that the heirs could not bind the admin-
istrator by agreeing in advance upon the amount in
which he should allow a claim. The opinion contains
this express qualification. "It will be observed, also,
that it was not stipulated that the estate should not be
administered upon, nor that it was entered into for the
purpose of avoiding the cost of administration; and we
do not determine the question whether the heirs could
have precluded administration by an agreement to that
effect, for no such question arises in the case." The
statement in the opinion, that "the heirs take no title to
or ownership of the personal property of the estate
while it is subject to administration," is, as we have

already indicated, inaccurate. The trial court was entirely justified in taking the case from the jury, and its judgment in defendant's favor is AFFIRMED.