W. F. RITCHIE v. J. E. BARNES *et al.,* Appellants.

**Distribution of Personalty:** *Cannot be granted before administration.* Where the title to real estate is in a husband and wife, and the latter dies, and the former sues to quiet title against her heirs, though administration has not been granted on her estate, and the time therefor his not expired, the heirs, who defend by filing a cross-bill to partition the land, cannot join therein an application for the division of personal property owned by the wife, since such heirs are not entitled to share in the possession and control of the personal property until after an administration, or the expiration of the time therefor.

*Appeal from Mahaska District Court.*—HON. A. R. DEWEY, Judge.

THURSDAY, MAY 16, 1901.

THE title to lots 19, 20, 21 and 22 in Burnside's addition to the city of Oskaloosa stood in the name of plaintiff and his deceased wife, Parmelia Ritchie. The defendants are her only heirs. To a petition praying that title be quieted in plaintiff, they responded in a cross petition demanding not only partition of the lots, but also of certain notes and mortgages alleged to have been held jointly by plaintiff and the deceased. A decree was entered partitioning the real estate as prayed by defendants, and denying any relief as to personal property, and they appeal.—*Affirmed*.

*W. W. Haskell* for appellants.

*Bollon, McCoy & Bolton* for appellee.

LADD, J.—The propriety of including a demand for the division of personal property in a suit for the partition of real estate may well be questioned. See section 4240 *et seq.*, Code. But if this might be done, the defendants are not in a situation to ask for such relief. Conceding, for the purpose of the case, that Parmelia Ritchie at the time of her death owned an undivided interest in the notes and mortgages held by plaintiff, her heirs are not entitled to their possession, or the proceeds thereof, until, through distribution or the expiration of the period of limitation, their interest therein has been definitely ascertained. *Phinny v. Warren*, 52 Iowa, 332; *Foss v. Cobler*, 105 Iowa, 728; *Murphy v. Murphy*, 80 Iowa, 740; *Jordan v. Hunnell*, 96 Iowa, 334; *Haynes v. Harris*, 33 Iowa, 516; *Stahl v. Brown*, 72 Iowa, 720. She died November 9, 1896. As administration does not appear to have been granted, and the period of limitation has not yet expired, the right to the possession and control of the personal property left by the deceased is in the administrator appointed or to be appointed, and not the heirs. *Christie v. Railroad Co.*, 104 Iowa, 707, is not in conflict with these views.—AFFIRMED.