AIELT MOLENDORP, Administrator, Appellant, v. FIRST NATIONAL BANK OF SIBLEY, Appellee.

**EXECUTORS AND ADMINISTRATORS:** Collection of Estate— Payments to Legatee Instead of Administrators—Effect. One who is indebted to an estate may legally pay directly to the one who, as heir or legatee, etc., would be unqualifiedly entitled to receive the payment from the administrator if made to the latter, *provided such payments are not needed to discharge debts or other prior claims against the estate.*

*Appeal from Osceola District Court.*—WILLIAM HUTCHISON, Judge.

MARCH 18, 1918.

THE opinion states the case.—*Affirmed.*

*W. C. Garberson* and *Parsons & Mills,* for appellant.

*L. E. Francis* and *Clark & Dwinell,* for appellee.

WEAVER, J.—The admitted facts are substantially as follows: In March, 1914, the defendant issued and delivered to Peter Davids its certificate of deposit for the sum of $1,400. In June, 1914, Peter Davids died testate, leav-

ing an estate of the value of $5,000 or more, including the certificate of deposit above mentioned. By the terms of his will, he devised and bequeathed the use of all his property and estate, real and personal, to his widow for life, with added power stated in words as follows:

"I also give my said wife the right to sell and dispose of any and all of my said property, either personal or real, if necessary for her comfort, and to use the avails thereof as in her judgment seems best, or to place the same at interest, and to control the same absolutely."

The will named as executor Ude Davids, son of the testator; but, for some reason not developed in the record, he appears not to have qualified under the appointment. In September, 1914, the widow presented the certificate of deposit, duly endorsed by her, to the defendant bank for payment; and the bank, understanding and believing her to be the rightful holder thereof, under the will of her husband, paid her the full amount thereof, principal and interest. Thereafter, the plaintiff, Molendorp, was appointed administrator, with will annexed, of the estate, and brought this action at law against the bank to recover the amount of said deposit for the benefit of said estate. In support of said claim, the petition alleges that the widow had no legal right or authority to collect the certificate of deposit; that the same was paid by the bank negligently and wrongfully; and that such payment had no effect to discharge the debt or to relieve the bank from its liability to account for said fund to the administrator. The defendant admits the deposit, and admits that it paid the amount thereof to the widow, but alleges that, under the terms of the will of Peter Davids, the widow was entitled to receive the money; that said sum was not needed or required by the administrator for the payment of debts, claims, or charges against the estate; and that, even if the payment to the widow was irregular, yet, as she is the one to whom the administrator

would have been bound to account for it, had payment been made to him, the law will not exact payment the second time at the hands of the bank. There is no dispute that the estate already in the hands of the administrator is more than sufficient for the discharge of all claims of creditors and expenses of administration. Upon this showing, the trial court held that, as a matter of law, plaintiff was not entitled to recover, and there was a directed verdict and judgment for the defendant. Plaintiff appeals.

The plaintiff's case is without legal merit, and the trial court did not err in entering judgment for the defendant. It is well settled by our decisions in cases of this character that, where a debt or claim due the estate of a deceased person is paid to the one who would have been entitled to the benefit thereof had such payment been made to the administrator, the debtor will not be required to pay a second time at the suit or demand of the administrator, unless it appears that the amount is needed for the payment of debts, charges, or expenses to which the law gives preference over the claim of the person to whom the money was first paid. *Douglas v. Albrecht,* 130 Iowa 132; *Christe v. Chicago, R. I. & P. R. Co.,* 104 Iowa 707; 18 Cyc. 222, 223. The one chief purpose of administration upon an estate is to collect the assets, apply the same to the payment of all proper charges and expenses, and turn the remainder over to the heirs or legatees entitled thereto. For this purpose, it is true that the legal title to the assets is in the administrator, and, in strict regularity, one who is indebted to the estate should make payment to him; but if, instead of so doing, the debtor, acting in good faith, should, by mistake of law or fact, make payment direct to the person who would be entitled to receive it through the administrator, and the money is not needed or required by the administrator for the payment of claims or expenses, the end of the law is accomplished, and it would be little less than ridiculous to hold

the debtor liable to pay his debt over again. But suppose the plaintiff's case is sustained, and the bank is compelled to pay the amount of the deposit to the administrator, he does not receive it in his own right, but simply as agent, or trustee, to pass it over to the widow, under the terms of the will. She will then have received twice the amount of the certificate of deposit, and the bank will have paid its debt twice over, with no redress except in the uncertainties of another law suit against her. The law requires no vain things. When the deposit was paid to the widow, the money reached the hands of her who was vested with the ultimate right to receive it; and, as no part of it was required to meet or defray the needs of administration, no one was in any manner injured or wronged by the "short circuiting" of the deposit from the bank to the widow, instead of passing it through the hands of the administrator. Counsel for appellant, while conceding that the authorities cited do, under some conditions, uphold payments made by a debtor direct to an heir or legatee, instead of to the administrator, point out the fact that these authorities say that such payments are made "at the peril of the debtor;" and from this an inference is sought to be drawn in support of the present action by the administrator. But the inference is unwarranted. It is true that such payments are made at the peril of the debtor, but this means no more than that the debtor takes the risk that the estate in the hands of the administrator may be insufficient to pay its debts and legitimate expenses of administration. In the event of such deficiency, he may be held liable to the administrator; and to such a demand, prior payment to an heir or legatee will constitute no defense. The admitted facts leave no room for an application of this rule. There is an allegation in the petition that, when she received the money, the widow was old, infirm, and mentally incapable of making a contract; but, if we understand the record, the allegation was eliminated,

upon motion or demurrer.  Clearly, it constituted no cause of action against the defendant.  If the widow is incapable of caring for her property and property rights, the law prescribes means for their conservation.  It constitutes no ground or cause of action in favor of the administrator as against the bank.  There is no prejudicial error in the record, and the judgment below is—*Affirmed.*

PRESTON, C. J., GAYNOR and STEVENS, JJ., concur.