Edward Heinz, Administrator, Appellant, v. H. M. Vawter, Appellee.

No. 43308.

April 7, 1936.

Boardman & Cartwright, for appellant.

F. E. Northup, for appellee.

Anderson, J.—Millie Brandt Vawter departed this life on the 9th day of September, 1930, leaving her husband, H. M. Vawter, the defendant-appellee herein, and her father, Edward Heinz, as her sole surviving heir at·law. She died without issue and intestate. She left an estate consisting of personal property of approximately the value of $11,297.38. No administration was had upon her estate. Her husband, H. M. Vawter, took possession of the entire estate and paid all known debts of the estate, including the expenses· of ·the last sickness,. burial, and the erection of a monument aggregating $1,911.95. He also paid to her father, Edward Heinz, as sole heir at law, the sum of $2,000 in full settlement of his distributive share in the estate of his daughter, Millie B. Vawter, taking a receipt therefor which is in the following language: "Received of H. M. Vawter Two Thousand and no/100 Dollars ($2,000.00) in full settlement

of my distributive share as sole heir at law of Millie B. Vawter, Deceased. Dated at Marshalltown, Iowa, this 16th day of September, A. D., 1930. Ed Heinz.'' Some time in 1934, the said Edward Heinz petitioned for his appointment and was appointed administrator of the estate of his daughter, and as administrator filed a petition in equity in the present case against H. M. Vawter, alleging that the said Vawter was in the possession of the entire estate of the deceased, Millie Brandt Vawter, and that upon demand he had refused to surrender the same to the plaintiff, and in said petition asks judgment against H. M. Vawter for the sum of $11,297.38, to the end that it may be administered upon.

It will be observed that there was no attack made in the plaintiff's petition in opposition to the settlement of the estate matter outside of court by the husband; there was no claim of any fraud or misrepresentation or unconscionable advantage having been taken by the husband, Vawter. There is also an absence of any allegation that any debts of the estate remain unpaid. As to what allegations and representations were made to the court at the time the administrator was appointed, four years after the death of the deceased, the record is silent, but in the face of the facts as disclosed by the record in this case, there was no good reason for the appointment of an administrator. Under the statute the husband was entitled to $7,500.00 of the estate of his deceased wife. In addition to this, he paid to the father of his wife in settlement of his full distributive share in the estate $2,000, and in addition debts of the last sickness and burial amounting to $1,911.95, or a total disbursement of $11,411.95. This shows that in making the payment to the father of $2,000 the husband used $114.57 of his own share of the estate, and the record further shows that some of the property of the deceased wife was turned over to the sisters of the deceased, to wit, a diamond ring and a fur coat; and a shotgun was turned over to the father, Edward Heinz; and that the father knew of the distribution, was present when it was made, and agreed and acquiesced therein. It appears conclusively by the record that at the time the father petitioned for his appointment as administrator of the estate of his daughter there was nothing to administer. All debts and expenses had been paid, and the entire estate disbursed and distributed. There was no expense whatever incident to the settlement of the estate

by the husband. The father, having acknowledged the receipt in full of his distributive share in the estate, had no further interest therein. It may be that a fraud or misrepresentation was practiced upon the court at the time the alleged administrator was appointed, but it is not necessary to determine this issue in disposing of this appeal.

It is true that an assignment or release by an heir of an estate of all his interest in the estate is not conclusive as against him when such assignment or release is procured by fraud or misrepresentation and is attacked on that ground, but no such attack is made in this proceeding, and even if it was, it must be said that it would be unsuccessful on the face of the record facts in this case.

Where there are no debts and the property of an estate is such that it can be divided and the persons entitled thereto agree upon a division thereof, there is nothing either in law or reason to prevent them from settling and distributing the estate without the appointment of an administrator. Phinny v. Warren, 52 Iowa 332, 1 N. W. 522, 3 N. W. 157; Murphy v. Murphy, 80 Iowa 740, 45 N. W. 914; Christe v. Chicago, etc. R. Co., 104 Iowa 707, 74 N. W. 697; Weaver's Estate v. State, 110 Iowa 328, 81 N. W. 603; Douglas v. Albrecht, 130 Iowa 132, 106 N. W. 354; In re Acken's Estate, 144 Iowa 519, 123 N. W. 187, Ann. Cas. 1912A, 1166.

The district court upon the trial of the case dismissed the plaintiff's petition and entered judgment against the plaintiff for costs. We are of the opinion that such order and judgment of the trial court is supported and warranted by the record. An affirmance necessarily follows.—Affirmed.

DONEGAN, C. J., and ALBERT, HAMILTON, RICHARDS, PARSONS, KINTZINGER, and MITCHELL, JJ., concur.