GEORGE BAURER et al., Appellants, v. ALICE F. MYERS et al., Defendants, and J. P. MYERS, Intervener, Appellees.

No. 44176.

MARCH 15, 1938.

Leming & Hobson, for appellants.

Irving W. Myers, I. H. Tomlinson, and Gibson C. Holliday, for appellees.

HAMILTON, J.—The $4,000 note and mortgage involved in this foreclosure action were executed by I. W. Myers and Alice Myers, the real estate described in the mortgage being the north 22 feet of lot 8 in block 9, original town of Hampton, Iowa. On October 13, 1933, plaintiffs, as the owners of the note and mortgage, brought this suit. Defendant Alice Myers, owner of the property, filed application for continuance, which was granted. A receiver was appointed to rent the property and collect the rents. Later, a second application for continuance under the second moratorium statute was filed by Alice Myers, but was never acted upon because of her death June 28, 1934. By the terms of the last will and testament of Alice Myers she made certain numerous specific bequests and provided for the sale of her real estate, and in a residuary clause, after paying all specific bequests, the balance of her estate was equally divided among her six children. Apparently these six children decided to administer this estate among themselves, notwithstanding there was a will, and they accordingly entered into an arrangement whereby J. P. Myers, one of the children, was to look after and to manage the property, and for convenience, and to carry out this purpose, the other five executed quitclaim deeds to J. P. Myers. The arrangement contemplated a reconveyance by J. P. Myers. After the mother's death, J. P. Myers filed an answer by way of intervention in connection with the second application for a continuance and this second application and answer were reached for trial on March 31, 1936.

At this trial a stipulation was entered into between J. P. Myers and the plaintiffs and dictated into the record, whereby J. P. Myers represented that he was the owner of and had deeds to the real estate. The stipulation also provided for a division of certain delinquent taxes covering this property and other portions of the same lot. It also contained a provision whereby Myers waived all rights of appeal and rights under the moratorium statutes and the Frazier-Lemke Act, Bankr. Act, §75, as amended, 11 U. S. C. A. §203, and agreed not to ask for an extension of the period of redemption and waived all his present or future rights for such extension. At the conclusion of the trial, judgment and decree was entered in favor of the plain-

tiffs for the sum of $5,176.55, plus interest and costs. Special execution issued pursuant to said decree and the property was sold to plaintiffs for the full amount of the judgment, interest and costs. Subsequently plaintiffs filed affidavits for additional liens on account of taxes and other items paid since the rendition of the decree.

Thereafter, on September 6, 1936, J. P. Myers died, and his brother O. F. Myers was appointed administrator of his estate. Following this the last will and testament of Alice Myers, which had lain dormant since her death, was placed on file, and on January 29, 1937, O. F. Myers was also appointed administrator with the will annexed of the estate of Alice Myers. Said O. F. Myers, as administrator with the will annexed of said estate, and also in his individual capacity, together with two other legatees named in the will, disregarding the stipulation and agreement of his brother J. P. Myers, which was entered into at the time the decree was taken, whereby J. P. Myers waived any right to extension of the period of redemption, filed an application for extension of the period of redemption to March 1, 1939, under the provisions of Senate File 16, Acts of the 47th General Assembly, ch. 78, to which the plaintiffs filed resistance. There was a trial to the court, which resulted in the trial court's granting the extension on condition that O. F. Myers, administrator, pay to the receiver appointed by the court all rents and returns from the property received by him since his appointment as said administrator with the will annexed of the estate of Alice Myers, deceased. The receiver was directed to apply the rents collected in the order and in the way provided by law, and from this judgment and order of the lower court, plaintiffs have appealed.

Since plaintiffs as owners and holders of the mortgage bid the full amount of the judgment debt, interest, and costs at foreclosure sale, the debt thereby became fully paid and satisfied and the only question we have to deal with here is whether there was good cause shown for not granting extension of the period of redemption. The burden of proof rested upon the plaintiffs. We think the evidence fairly shows that the property covered by this mortgage was worth from $7,500 to $8,000. The buildings situated on the property rent for $70 per month with some prospect of increasing this amount. The total indebtedness at the time of the trial was slightly over $6,000 bearing 8 per cent

interest. The rentals, which under the court's order are to be collected by the receiver and applied, will go a long way toward taking care of the taxes and accumulated interest on the mortgage indebtedness now represented by the judgment, and even though the owners are not able to refinance or sell this property during the time of extension of the period of redemption, the value of the security will still be adequate to meet the debt and any additional accumulations of interest which the rentals may prove insufficient to meet. This being true, the plaintiffs will sustain no financial loss, and it cannot be said with any degree of certainty that appellees may not be able to sell or refinance in the interim. As bearing on this point see Prudential Insurance Company v. Brown, 221 Iowa 31, 265 N. W. 153.

While the agreement entered into between plaintiffs and J. P. Myers, whereby he represented himself to be the title holder, and whereby he waived his rights under the moratorium statute at the time the decree of foreclosure was obtained, if such agreement was binding upon O. F. Myers as administrator with the will annexed, and the other legatees under the will who joined with him in this application for extension, would no doubt be sufficient showing as to "good cause" and also as to lack of "good faith" on the part of the applicants, yet we are unable to see how the court could find anything therein which would operate as a waiver or estoppel as against the administrator, especially since under the will of Alice Myers there was an equitable conversion of the real estate into personalty and the title passed to the administrator, and not to the heirs.

Looking at the situation purely as a man-to-man business proposition, we cannot say that we are enthusiastic over the conduct of Mr. O. F. Myers in repudiating the agreement of his brother, especially since he was a party to the original family arrangement whereby the property was deeded to J. P. Myers for the purpose of mutual benefit of all the parties. Yet equity follows the law and from a legal standpoint the acts and conduct of the heirs could not operate as an estoppel against the administrator, even where the administrator is one of the heirs who joined in the family arrangement, whereby J. P. Myers acquired title and by virtue of which he waived the moratorium laws. This case differs from the cases cited and relied upon by appellants, which involved estates free from debts, and where-

in we have held mutual settlements entered into among all the heirs binding upon an administrator subsequently appointed. The most recent expression of the court in reference to such settlements is found in the case of Heinz v. Vawter, 221 Iowa 714, at page 716, 266 N. W. 486, 487, wherein we said:

"Where there are no debts and the property of an estate is such that it can be divided and the persons entitled thereto agree upon a division thereof, there is nothing either in law or reason to prevent them from settling and distributing the estate without the appointment of an administrator. Phinny v. Warren, 52 Iowa 332, 1 N. W. 522, 3 N. W. 157; Murphy v. Murphy, 80 Iowa 740, 45 N. W. 914; Christe v. Chicago, etc. R. Co., 104 Iowa 707, 74 N. W. 697; Weaver's Estate v. State, 110 Iowa 328, 81 N. W. 603; Douglas v. Albrecht, 130 Iowa 132, 106 N. W. 354; In re Acken's Estate, 144 Iowa 519, 123 N. W. 187, Ann. Cas. 1912A, 1166."

But this rule will not apply to a situation such as is presented by this record. Numerous legatees did not join in the conveyances to J. P. Myers. Furthermore, there are outstanding debts and delinquent taxes which are valid obligations against this estate. The administrator under the law is bound to administer the estate in accordance with the provisions of the will and it is his duty to obtain as much as possible for the estate out of this mortgaged property. True, the record shows that O. F. Myers in his individual capacity, together with Mr. Irving W. Myers, a nephew, one of the attorneys for appellees, now hold title by assignment to five-sixths of this estate. However, their rights under this assignment are subject to and inferior to the rights of the administrator with the will annexed of the estate of Alice Myers.

On the whole record we do not believe the plaintiffs have sustained the burden cast upon them under the moratorium statute, and we are unable to see wherein the trial court abused the limited discretion vested in the court in matters of this kind. Hence the order of the trial court should be and it is affirmed.—Affirmed.

STIGER, C. J., and ANDERSON, SAGER, MILLER, RICHARDS, MITCHELL, and KINTZINGER, JJ., concur.