**Jaron L. SWEET, As Administrator of the Estate of Gregory Scott Sweet, Appellee,**

v.

**ALLSTATE INSURANCE COMPANY, Appellant.**

**No. 89–1874.**

Supreme Court of Iowa.

June 19, 1991.

Rehearing Denied July 30, 1991.

George Lindeman and John A. Stitely of Lindeman & Yagla, Waterloo, for appellant.

C.A. Frerichs of Fulton, Frerichs, Martin & Andres, P.C., Waterloo, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

Gregory Sweet was killed in an automobile accident on June 17, 1988. His father, Jaron Sweet, was insured under an automobile policy which had been issued by the defendant, Allstate Insurance Company (Allstate). Among the coverages which that policy provided was insurance against underinsured motorists. That coverage provided for payment of damages for bodily injury or death which the named insured, Jaron Sweet, or other persons residing in his household, including his wife Ruth and son Gregory, were legally entitled to recover from the owner or operator of an underinsured auto.

Jaron and Ruth Sweet claimed damages from Allstate under the foregoing underinsured motorist coverage as a result of Gregory's death. A settlement of this claim ensued for which Allstate paid Jaron and Ruth the sum of $40,000. Upon receipt of that sum they jointly executed the following release:

> In consideration of the payment of <u>Forty Thousand Dollars and no/100</u>— Dollars by Allstate, the receipt of which is hereby acknowledged, the undersigned hereby forever releases and discharges Allstate from any and all liability and from any and all contractual obligations whatsoever under the coverage designated above of Policy No. <u>10 143 453</u> issued to <u>Jaron Sweet</u> by Allstate, and arising out of <u>X</u> bodily injuries, _____ property damage sustained by <u>Gregory Scott Sweet</u> due to an accident on or about the <u>17th</u> day of <u>June 1988.</u>

On February 22, 1989, Jaron was appointed administrator of Gregory's estate. Jaron and Ruth were Gregory's sole heirs, and his estate had no outstanding creditors. As administrator, Jaron commenced the present action seeking to recover additional amounts under the underinsured motorist coverage.

Allstate filed a motion for summary judgment urging that the release signed by Jaron and Ruth precluded any recovery by Gregory's estate under the underinsured motorist provision of its policy. It also urged that the present action was premature because the liability of the third-party tortfeasor had not yet been established. In resisting that motion, the administrator contended that any cause of action for wrongful death, either against third-party tortfeasors or under the underinsured motorist provisions of Allstate's policy, belonged exclusively to Gregory's personal representative. Consequently, the administrator urged, that claim could not be released by the beneficiaries of the estate. In support of this contention, the administrator relied upon Iowa Code section 633.-114 (1989) (compromise of claims of estate by fiduciary must have court approval) and section 633.336 (1989) (damages recoverable in wrongful death action belong to the estate).

The district court overruled Allstate's motion for summary judgment. It further ruled in an accompanying motion for adjudication of law points that (1) the action was not premature, and (2) only the personal representative of Gregory's estate had authority to release the wrongful death claim and attendant recovery under Allstate's underinsured motorist coverage. Permission was granted for Allstate to appeal in advance of final judgment. In considering that appeal the court of appeals reversed the district court's ruling and held that the release signed by Jaron and Ruth precluded further recovery from Allstate by Gregory's estate. We granted further review of the court of appeals decision.

I. *Authority of Beneficiaries to Settle Wrongful Death Claim and Related Underinsured Motorist Coverage Claims.*

■ In considering the arguments of the parties we are satisfied that the court of appeals correctly concluded that the validity of Jaron and Ruth's release is not governed by Iowa Code section 633.114. That section merely requires that a compromise by an administrator of an estate be approved by the court. We have recognized that where there are no debts and all beneficiaries agree on division of estate property, there is no reason to prevent settlement and distribution without the appointment of an administrator. *Heinz v. Vawter,* 221 Iowa 714, 716, 266 N.W. 486, 487 (1936); *Christie v. Chicago R.I. & P.R. Co.,* 104 Iowa 707, 710, 74 N.W. 697, 698 (1898).

■ We are also satisfied that the language of section 633.336 did not preclude Gregory's parents from releasing any claims which survived his death. Section 633.336 provides, in part:

When a wrongful act produces death, damages recovered therefor shall be disposed of as personal property *belonging to the estate* of the deceased....

(Emphasis added). Nearly identical language was contained in Iowa Code section 2526 (1873) at the time the *Christie* case was decided. Notwithstanding that language, we upheld the authority of estate beneficiaries to settle claims of the estate in the absence of creditors. In so holding, we observed:

Under our law the right to a distributive share of personalty in the estate of an intestate vests *instanter* in the heir upon the death of the owner and not from the time of distribution made. Distribution gives to the distributee no new title....

*Christie,* 104 Iowa at 709, 74 N.W. at 697. The law with respect to instant vesting of distributive shares in an intestate decedent's personalty has not changed since the *Christie* case. *See Ritz v. Selma United Methodist Church,* 467 N.W.2d 266, 270 (Iowa 1991); Iowa Code § 633.350 (1987). Based on these considerations, we believe that the court of appeals correctly held that Jaron and Ruth could have validly released any of Gregory's claims against Allstate which survived his death under Iowa Code section 611.20 (1987).

II. *Interpretation of the Release.*

■ The plaintiff administrator urges that, even if Gregory's parents did have authority to release all claims against Allstate arising from his death, there is a

genuine issue of material fact concerning interpretation of the release. This argument is based on the assertion that the parents only intended to release claims held directly by them as a result of Gregory's death and not those claims which devolved upon them by intestate succession. The court of appeals rejected this contention based on the sweeping language of the release. Although we have agreed fully with the court of appeals' determination concerning the authority of Jaron and Ruth to settle this wrongful death claim and the attendant claim for underinsured motorist coverage, we do not agree that the language of the release is so clear that its meaning can be decided now as a matter of law.

The release was executed on a printed form which only required completion with respect to the amount of consideration, the named insured and policy number, the name of the person who sustained bodily injury, and the date of the accident. An argument can be made that, if Allstate had been effecting a release of claims arising from Gregory's death which were personal to the parents and which did not devolve upon them by intestate succession, it would have worded the release in exactly the same manner as was done here.

Allstate contends that any uncertainty with respect to what claims were being released evaporates in light of the fact that Iowa law does not recognize parental recovery for loss of services or support on the death of an adult child. *See Ruden v. Parker*, 462 N.W.2d 674, 675 (Iowa 1990). If the parents had no claim arising from Gregory's death except that which devolved upon them by intestate succession, this is indeed a strong argument for interpreting the release as embracing the entire gamut of wrongful death damages. On the other hand, claims which in fact have no basis in law may nevertheless be asserted and settled.

Given the contrasting possibilities which are presented by the circumstances, we conclude that the proper interpretation of the release in the present case presents an issue of fact rather than an issue of law.

Relevant to this conclusion is the Reporter's Note on contract interpretation accompanying comment *a* of the Restatement (Second) of Contracts section 212 (1979). That note states:

> [T]he proposition that a party's external manifestations must prevail over his private and unexpressed meaning [is expressed in some cases]. Cases making a bald "objective-subjective" distinction often refuse to go further unless an ambiguity is facially apparent. ... This approach is deemed simplistic, for the reason stated in this Comment and Comment *b*.

The comment *a* which is referred to suggests that the operative meaning of a contract is to be found in the transaction *and its context.* Comment *b* provides that:

> It is sometimes said that extrinsic evidence cannot change the plain meaning of a writing, but meaning can almost never be plain except in a context. Accordingly, the rule stated in Subsection (1) is not limited to cases where it is determined that the language used is ambiguous. Any determination of meaning or ambiguity should only be made in the light of the relevant evidence of the situation and relations of the parties, the subject matter of the transaction, preliminary negotiations and statements made therein, usages of trade, and the course of dealing between the parties.

We approved these principles of interpretation in *First National Bank v. Creston Implement Co.*, 340 N.W.2d 777, 781 (Iowa 1983).

We affirm that portion of the court of appeals decision upholding the authority of Jaron and Ruth to settle all claims arising from Gregory's death. We vacate that court's decision to the extent that it directs that summary judgment be entered in favor of Allstate at this time. We reverse that portion of the district court's decision (on summary judgment and adjudication of law points) which concluded that only Gregory's personal representative could execute a valid release of Gregory's claims against Allstate which survived his death. Notwithstanding this disagreement with the

district court's reasoning, we affirm its denial of Allstate's motion for summary judgment. The case is remanded to the district court for further proceedings not inconsistent with this opinion. All costs of appeal are assessed against the appellee.

DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.