**Ronald Frank VAUGHAN, Appellant,**

v.

**Carl LACEY, Captain; Garland County Sheriff, Appellees.**

No. 94–1853.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1995.

Decided March 14, 1995.

Stephen Hough, Fort Smith, AR, argued, for appellant.

Ralph Ohm, Hot Springs, AR, argued, for appellees.

Before LOKEN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and JONES,* Senior District Judge.

LOKEN, Circuit Judge.

In this action under 42 U.S.C. § 1983, Ronald Frank Vaughan appeals the district court's[1] summary judgment dismissing Vaughan's claims of deliberate indifference to his serious medical needs against the Sheriff of Garland County, Arkansas, and Captain Carl Lacey, a jailer at the Garland County Detention Center. We affirm.

We review the district court's grant of summary judgment de novo and may sustain it only if no genuine issue of material fact remains and defendants are entitled to summary judgment as a matter of law. *See*

*Smith v. Jenkins,* 919 F.2d 90, 92 (8th Cir. 1990). The undisputed facts of record are as follows.

From April 1990 to January 1992, Vaughan was treated by Dr. Roy Barnes, an Alabama psychiatrist, who diagnosed severe mental depression and psychomotor retardation and prescribed a combination of medications. In January 1992, Vaughan was transferred to a federal prison camp, where both a psychiatrist and the prison doctor reduced his prescribed medications. Vaughan arrived at the Garland County Detention Center on March 9, 1992, with a one-week supply of medication. He sent a written request to Captain Lacey that the Detention Center continue to provide the medications prescribed by Dr. Barnes.

Captain Lacey promptly had Vaughan examined by Dr. Parkerson, a private physician, who prescribed only one of the medications prescribed by Dr. Barnes. Vaughan objected and obtained a letter from Dr. Barnes enclosing his three prescriptions and recommending that Vaughan continue them. After consulting the Detention Center's psychiatrist, Dr. Waterman, Captain Lacey followed Dr. Waterman's advice to dispense one of the medications prescribed by Dr. Barnes and noted in the Detention Center medication log that Dr. Waterman would evaluate Vaughan's further needs when that medicine ran out. On June 17, 1992, Vaughan was first examined by Dr. Waterman, who diagnosed generalized anxiety disorder and substantially increased the prescribed medications.

In this action, Vaughan contends that Captain Lacey was willfully indifferent to Vaughan's serious medical needs when Lacey denied him the psychiatric medications prescribed by Dr. Barnes and refused to have Vaughan examined by Dr. Waterman for approximately three months. With their motion for summary judgment, defendants submitted an affidavit by Captain Lacey and the Detention Center's medication and treatment

---

* The HONORABLE JOHN B. JONES, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. The HONORABLE JIMM LARRY HENDREN, United States District Judge for the Western District of Arkansas, adopting the report and recommendation of the HONORABLE BOBBY E. SHEPHERD, United States Magistrate Judge for the Western District of Arkansas.

logs. Vaughan filed a response, challenging two entries in the logs but otherwise arguing that the logs confirmed that he had asked for and been denied adequate psychiatric care and medication.

 After careful review of this record, we conclude that the district court properly granted summary judgment for defendants. Prison staff violate the Eighth Amendment if they are deliberately indifferent to an inmate's serious mental-health-care needs. *Smith,* 919 F.2d at 92–93. Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed. *See Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 290–92, 50 L.Ed.2d 251 (1976).

In this case, the documentary record confirms that Captain Lacey and other Detention Center staff responded promptly to Vaughan's many requests for additional medical and psychiatric care; that Lacey initially followed the advice of Dr. Parkerson concerning what psychiatric medications Vaughan should be given and then, when Vaughan protested, consulted with and followed the advice of Dr. Waterman, a psychiatrist; that Dr. Waterman made the decision not to examine Vaughan until June 1992; and that the Detention Center consistently administered the medications that its physicians prescribed, promptly refilling those prescriptions as they ran out until Vaughan left the Detention Center in late 1992.

Vaughan's principal complaint is that Captain Lacey denied Vaughan the medications prescribed by Dr. Barnes. But Captain Lacey had no duty to give Vaughan medications prescribed by an Alabama psychiatrist who was no longer treating Vaughan without consulting the physicians responsible for the care of Detention Center inmates. Indeed, Lacey would no doubt have violated Detention Center policy had he not referred these questions of psychiatric care and treatment to Detention Center medical professionals. Moreover, the record reflects that the doctors who had treated Vaughan at the federal prison camp in early 1992 also disagreed with Dr. Barnes concerning the types and doses of psychiatric medications Vaughan should re-

ceive. In these circumstances, we agree with the district court that Vaughan has proved nothing more than a disagreement as to the proper course of treatment, which is not actionable under the Eighth Amendment. *See Smith v. Marcantonio,* 910 F.2d 500, 502 (8th Cir.1990).

The judgment of the district court is affirmed.