62 F.3d 1421
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
David James MUNZ, Appellant,
v.
Robert CARPENTER; David Wagner; Rockerfellow, sued as
Deputy Rockerfellow, Appellees,
Iowa City Police Department, Defendant,
Reynolds, sued as Officer Reynolds; Sueppel, sued as
Officer Sueppel; Gass, sued as Officer Gass;
Lalla, sued as Officer Lalla, Appellees,
Unknown/Unnamed Defendants, sued as Johnson County Coroner
John Doe, Defendant,
Droll, sued as Officer Droll, Appellee.
 No. 95-1028
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 13, 1995
Filed: Aug. 8, 1995
 
 Before McMILLIAN, WOLLMAN, and MAGILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 David James Munz, an Iowa inmate, appeals from the district court's[1] order granting summary judgment in favor of defendants in his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 In his unverified complaint, Munz alleged that Iowa City police officers and Johnson County jail officials named as defendants subjected him to excessive force and denied him medical treatment and medication during his arrest and detention.[2] Defendants moved for summary judgment, submitting their affidavits, police records, witness statements, and testimony from Munz's criminal trial and a later deposition. After Munz responded, the district court granted summary judgment for defendants, and this appeal followed. We review de novo the district court's grant or denial of summary judgment, using the same standards as the district court. Beyerbach v. Sears, 49 F.3d 1324, 1325 (8th Cir.1995).
 
 
 3
 On the excessive-force claim, defendants' summary judgment materials indicate that Munz struggled with police officers and jail officials during his arrest and detention, and charged a jail deputy; that no striking blows or pressure holds were used to subdue him; and that Munz could not specifically remember being hit or injured by any of the defendants. Because Munz responded with only generalized, unsupported assertions that defendants used excessive force against him, we conclude the district court properly granted summary judgment on this claim. See Edwards v. Giles, 51 F.3d 155, 156-57 (8th Cir.1995) (concluding generalized assertions were insufficient to show officers acted unreasonably under circumstances, and to overcome summary judgment motion on excessive-force claim); Fed. R. Civ. P. 56(e) (nonmovant must set forth specific facts showing genuine issue for trial). Although Munz argues on appeal that the district court should have considered whether he was falsely arrested, he has not shown how that question is relevant to his claim that the officers used excessive force in executing the arrest.
 
 
 4
 We also conclude the district court properly granted summary judgment on Munz's medical claim. To defeat summary judgment, Munz had to offer evidence that defendants were deliberately indifferent to his serious medical needs. See Vaughan v. Lacey, 49 F.3d 1344, 1346 (8th Cir.1995). Deliberate indifference may include the intentional denial or delay in access to medical care, or intentional interference with treatment or medication that has been prescribed. Id. Munz alleged below, with no support, that defendants denied him previously-prescribed medicine for post- traumatic stress disorder, and ignored his post-arrest physical injuries. Defendants responded with uncontroverted evidence, however, that Munz did not complain of any injury, and none were visible; that the jail doctor evaluated his condition the day after Munz arrived at the jail, promptly consulted with Munz's psychiatrist at the University of Iowa Hospital, and referred Munz to a psychiatric clinic approximately one week later; that the jail doctor concluded Munz did not require medication at that time, based on those examinations and consultations; and that jail officials were directed accordingly. Munz's assertion that he should have received medication prescribed by another doctor amounts to a disagreement with the jail doctor and the consulting psychiatrist over the proper course of his treatment, a matter that is not actionable under the Eighth Amendment. Cf. id. (concluding inmate who alleged prison official denied him psychiatric medication prescribed by inmate's former doctor and instead gave inmate medication prescribed by second doctor showed only disagreement as to proper course of treatment).
 
 
 5
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa
 
 
 [2]
 The John Doe defendant named in Munz's complaint, who appears to be the Johnson County jail doctor, was never served pursuant to Fed. R. Civ. P. 4. Cf. Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir.1993) (court lacks jurisdiction over defendant who was improperly served)