# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1364

_____

| | | |
|---|---|---|
| Len Edwin Davis, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Larry Norris, Director, Arkansas | * | Appeal from the United States |
| Department of Correction; Max | * | District Court for the |
| Mobley, Deputy Director of Health; | * | Eastern District of Arkansas |
| Greg Harmon, Warden, Tucker | * | |
| Maximum Security Unit, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted:   September 7, 1999

Filed:   November 1, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Len Edwin Davis, a federal inmate being housed at Tucker Maximum Security Prison in Arkansas, appeals from the final judgment entered in the District Court[1] for

___

[1]The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

the Eastern District of Arkansas, granting summary judgment to prison officials in Davis's 42 U.S.C. § 1983 action. Davis claimed defendants showed deliberate indifference to his serious dental needs by denying him a root canal and by delaying dental treatment. For the reasons discussed below, we affirm.

Upon de novo review, see <u>Dulany v. Carnahan</u>, 132 F.3d 1234, 1237 (8th Cir. 1997), we conclude summary judgment was proper. The summary judgment record, viewed most favorably to Davis, shows that while one examining dentist had recommended a root canal, another had recommended extraction. Thus, the record shows only a disagreement over a particular type of dental procedure. See <u>Long v. Nix</u>, 86 F.3d 761, 765 (8th Cir. 1996) (inmate does not have constitutional right to any particular type of treatment; prison officials do not violate Eighth Amendment when, in exercise of their professional judgment, they refuse to implement inmate's requested course of treatment); <u>Vaughan v. Lacey</u>, 49 F.3d 1344, 1346 (8th Cir. 1995) (doctors' disagreement as to proper course of prisoner's treatment is not actionable under Eighth Amendment). We also conclude Davis failed to present a triable issue of fact on his claim that defendants subjected him to an unconstitutional delay in treatment. See <u>Coleman v. Rahija</u>, 114 F.3d 778, 784 (8th Cir. 1997).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-