**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT J. JENKINS,

        Plaintiff-Appellant,

    v.

COLORADO MENTAL HEALTH
INSTITUTE AT PUEBLO,
COLORADO, ET AL., MR. ROBERT
HAWKINS, DR. HOFFMAN, DR.
POINTER, DR. JOHNSON, AND DR.
POUNDS,

        Defendants-Appellees.

No. 99-1516

D. Colo.

(No. 99-Z-707)

**ORDER AND JUDGMENT** [*]

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges.

Robert J. Jenkins, an inmate at the Denver County, Colorado Jail appeals

pro se the district court's dismissal of his amended civil rights complaint alleging

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

violations of his constitutional rights pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3). [1]

Mr. Jenkins sought leave from the district court to proceed in forma pauperis on appeal, but the district court denied his request. Mr. Jenkins has renewed his motion with this court. In order to succeed on his motion, Mr. Jenkins must show both an inability to pay the filing fee and the existence of a nonfrivolous issue on appeal that states a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2); Coppedge v. United States, 369 U.S. 438, 445 (1962); Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962).

Mr. Jenkins' appellate brief merely repeats the allegations made in his amended complaint. Mr. Jenkins alleges the following: he was arrested under a mistaken name and forced to stand trial for telephone harassment of an ex-girlfriend; his speedy trial rights were violated; the court subjected him to an unreasonable competency evaluation at CMHIP; and the defendant doctors violated his right to deny medical treatment by "willful and repeated ordering or performance, without clinical justification, of demonstrably unnecessary laboratory tests or studies" and by subjecting him to treatment which is contrary

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

to the generally accepted standards of practice. Rec. doc. 16, at 9-11 (Am. Compl. filed Aug. 5, 1999). He alleges, without further explanation, that he was subjected to "pencil whipping." Id. Finally, he asserts that it took the prison staff fifteen minutes to release him and other prisoners from their rooms during a fire. He claims to have suffered serious headaches, dizziness, and nausea as a result of "toxic smoke" from a "burning rubber mattress." Id. at 2-A. Although Mr. Jenkins' amended complaint should be construed liberally because he is representing himself, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court cannot act as the pro se litigant's advocate, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The district court dismissed Mr. Jenkins' claims against the Colorado Mental Health Institute at Pueblo, Colorado (CMHIP) as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because CMHIP, as an agency of the State of Colorado, is protected by Eleventh Amendment immunity. See Ramirez v Oklahoma Dep't of Mental Health, 41 F.3d 584, 588 (10th Cir. 1994). The court further dismissed as legally frivolous under § 1915(e)(2)(B)(i) Mr. Jenkins' claims against the defendant doctors because the facts alleged did not establish deliberate indifference to serious medical needs in violation of his Eighth Amendment rights. See Long v. Nix, 86 F.3d 761, 765 (8th Cir.1996) (concluding prisoners "do not have a constitutional right to any particular type of treatment"

and "[p]rison officials do not violate the Eighth Amendment when, in exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment"); Vaughan v. Lacey , 49 F.3d 1344, 1346 (8th Cir.1995) (doctors' "disagreement as to the proper course of [a prisoner's] treatment" is "not actionable under the Eighth Amendment"); cf. Washington v. Harper , 494 U.S. 210, 225-27 (1990) (stating the right to be free of medication must be balanced against the state's duty to treat mentally ill inmates and run a safe prison). Finally, the district court dismissed without prejudice, pursuant to Fed. R. Civ. P. 8(a)(2), Mr. Jenkins' Eighth Amendment claim against the defendant doctors for "pencil whipping" because the allegation was entirely vague and unclear.

This court has carefully reviewed Mr. Jenkins' appellate brief, the district court's order of dismissal, and the entire record on appeal. That review demonstrates that the district court properly dismissed without prejudice Mr. Jenkins Eighth Amendment claim against the defendant doctors for "pencil whipping," and correctly dismissed as frivolous all claims against CMHIP and the Eighth Amendment claim against the defendant doctors alleging denial of the right to refuse medical treatment. Accordingly, we hereby dismiss this appeal as legally frivolous pursuant to §1915(e)(2)(B)(i). In so doing, we specifically note the district court's dismissal of Mr. Jenkins' claims as frivolous and our dismissal of this appeal on the same grounds each count as a strike for purposes of the

Prison Litigation Reform Act. See Jennings v. Natrona County Detention Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999). Specifically, § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [ in forma pauperis ] if the prisoner has, on 3 or more prior occasions while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

According to our review of Mr. Jenkins' case history, he now has at least three strikes. See Jenkins v. Denver County Jail, No. 99-1335, 2000 WL 84893 (10th Cir. Jan. 27, 2000) (unpublished disposition). Mr. Jenkins is advised that he is no longer entitled to proceed in forma pauperis in any civil action or appeal of a judgment in a civil action, unless it involves "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see White v. Colorado, 157 F.3d 1226, 1232 (10th Cir.1998), cert. denied, 119 S. Ct. 1150 (1999).

The district court order of dismissal is AFFIRMED.

Entered for the Court,

Robert H. Henry
Circuit Judge