# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4237

_____

| | | |
|---|---|---|
| Elizabeth Gammon Brown, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Kim Luckett, Chief of Security, | * | |
| Womens' Unit, Arkansas Department | * | |
| of Correction; Ray Hobbs, Assistant | * | Appeal from the United States |
| Director, Arkansas Department of | * | District Court for the |
| Correction; Virginia Wallace, Warden, | * | Eastern District of Arkansas. |
| Tucker Womens' Unit, Arkansas | * | |
| Department of Correction; Max | * | [UNPUBLISHED] |
| Mobley, Assistant Director, Arkansas | * | |
| Department of Correction; John Doe, | * | |
| 1-10, Healthcare Providers and/or ADC | * | |
| Employees, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: January 30, 2001
Filed: February 5, 2001

_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Elizabeth Gammon Brown appeals the District Court's[1] entry of judgment against her, after a jury trial, in her 42 U.S.C. § 1983 action in which she had claimed that certain prison officials failed to follow medical orders related to drinking water, winter gear, and other items.

Brown essentially challenges the sufficiency of the evidence by arguing that the jury came to an incorrect conclusion about appellees' knowledge of her medical needs, but we find no plain error in the jury's verdict. See Williams v. Kansas City, Mo., 223 F.3d 749, 752-53 (8th Cir. 2000) (holding that litigant who fails to move for judgment as a matter of law at close of evidence cannot later argue, either in post-trial motion or on appeal, that verdict was not supported by sufficient evidence; jury verdict will be reversed only if it results in manifest miscarriage of justice). The jury could have concluded that none of the appellees deliberately and personally interfered with her prescribed medical treatment, or intentionally failed to take reasonable measures to deal with the prison staff's alleged failure to provide Brown medically prescribed items or other basic necessities. See Morse v. Southern Union Co., 174 F.3d 917, 923 (8th Cir.) (explaining that jury's function is to consider competing evidence), cert. dismissed, 527 U.S. 1059 (1999); Vaughan v. Lacey, 49 F.3d 1344, 1346 (8th Cir. 1995) (holding that deliberate indifference may include intentionally interfering with prescribed treatment or medication); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (holding that supervisory liability under § 1983 arises if supervisor knowingly facilitated, approved, condoned, or turned a blind eye to unconstitutional conduct).

We also reject Brown's contentions as to instructional error.

Accordingly, we affirm. See 8th Cir. R. 47B.

---

[1]The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.