# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3329

_____

| | | |
|---|---|---|
| Rodney Leon Prater, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Department of Corrections; Harold W. | * | of Nebraska. |
| Clarke; Frank Hopkins; Robert | * | |
| Whitson; Daniel Danaher; Unknown | * | [UNPUBLISHED] |
| Cherry, Dr.; S. Lemare, P.A.; C. Flinn; | * | |
| Anna Hamill; Unknown Elliott, Dr., | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  March 27, 2001

Filed:  April 16, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Rodney Leon Prater, a Nebraska inmate, appeals the district court's[1] dismissal of his claims brought under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 et seq., and 42 U.S.C. § 1983. We affirm the district court.

Mr. Prater alleged that prison officials and prison medical staff denied him proper medical care for his "disabled" foot. In his complaint, Mr. Prater stated he had a right foot which was "severely crushed and [has] bones missing," he asked the medical staff to provide him with "special boots" to help his injured foot, he received insoles instead to be put in the "cheap state boot," he complained to the medical staff that his foot still hurt, the medical staff failed to take x-rays of his foot or refer him to a specialist, and prison officials were not responsive to his inmate interview requests ("kites") or grievances.

Insofar as Mr. Prater has alleged that he has been discriminated against because of his injured foot, we find his claim is barred. See Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc) (ADA does not abrogate state's Eleventh Amendment immunity, and individuals are not "public entities" sueable under ADA).

To the extent Mr. Prater sought to claim that defendants acted with deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, his claim is without merit. Mr. Prater did not allege that the medical staff defendants denied, delayed, or refused him treatment, only that they did not order x-rays, provide him boots rather than insoles, or refer him to a foot specialist. See Estelle v. Gamble, 429 U.S. 97, 107 (1976) (medical decision not to order x-rays does not constitute cruel and unusual punishment); Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996) (prison officials do not violate Eighth Amendment when, in exercise of their professional

---

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska, adopting the report and recommendations of the Honorable Kathleen Ann Jaudzemis, United States Magistrate Judge for the District of Nebraska.

judgment, they refuse to implement inmate's requested course of treatment); <u>Vaughan v. Lacey</u>, 49 F.3d 1344, 1346 (8th Cir. 1995) (no deliberate indifference where prison officials did not intentionally deny or delay access to medical care). Likewise, we find the prison official defendants cannot be liable for not requiring the medical staff to honor Mr. Prater's requests. <u>See</u> <u>Keeper v. King</u>, 130 F.3d 1309, 1314 (8th Cir. 1997) (prison official not involved in treatment decisions made by medical staff cannot be liable for medical staff's diagnostic decisions).

Accordingly, we affirm. We deny Mr. Prater's pending motions.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

I respectfully dissent. I think that Mr. Prater's proof that the prison medical staff persisted in treating him in a way that produced no improvement is sufficient to raise an inference that the medical staff was deliberately indifferent to his serious medical needs. I would therefore reverse the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.