# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2225

_____

| | | |
|---|---|---|
| Jimmie Fred Blackwell, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Arkansas |
| Larry Selig, Sheriff; Carl Lacey, | * | |
| Captain; Deputy Robinson; Deputy | * | [UNPUBLISHED] |
| Fisher; Deputy Terry; Deputy Navra; | * | |
| Todd Schultheiss, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:   December 6, 2001

Filed:   December 26, 2001

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Jimmie Fred Blackwell appeals from the final judgment entered in the District Court[1] for the Western District of Arkansas, dismissing his 42 U.S.C. § 1983 action

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendations of the Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas.

after an evidentiary hearing. Blackwell filed this action against employees at the Garland County Detention Center, where he spent time as a pretrial detainee and as a convicted prisoner. His allegations related to the treatment of his medical condition, the use of excessive force, the conditions of his confinement, and the alleged denial of due process in connection with a disciplinary action. He did not timely request a jury trial. For reversal, he argues that he did not consent to proceed before the magistrate judge who presided over the evidentiary hearing, and that the district court erred in dismissing his action. For the reasons discussed below, we affirm the judgment of the district court.

Under 28 U.S.C. § 636(b), the magistrate judge was authorized to conduct the evidentiary hearing without Blackwell's consent. As to the contested dismissal, we review the district court's factual findings for clear error and its conclusions of law de novo, see Choate v. Lockhart, 7 F.3d 1370, 1373 & n.1 (8th Cir. 1993), and we conclude that dismissal of each claim was appropriate. First, Blackwell did not show defendant Carl Lacey failed to supervise the deputies (who are not defendants) who allegedly denied Blackwell due process during a disciplinary action. See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993). Second, Blackwell's allegations against the named defendants amounted to a mere disagreement with the prescribed and given course of medical treatment. See Vaughan v. Lacey, 49 F.3d 1344, 1346 (8th Cir. 1995) (disagreement as to proper course of treatment is not actionable under Eighth Amendment). Third, crediting an inmate witness's testimony that he offered Blackwell his bunk but Blackwell refused, and Lacey's testimony that the jail did not oppose bunk-switching, we agree with the district court that Blackwell voluntarily slept on a mattress on the floor of his assigned cell. In any event, Blackwell's sleeping on the floor on a four-inch thick mattress for five nights did not amount to an unconstitutional condition of confinement, particularly when Blackwell failed to show defendants knew he suffered pain whenever he raised his mattress to allow his cell door to be opened (his chief complaint as to this sleeping arrangement). See Williams v. Delo, 49 F.3d 442, 444-46 (8th Cir. 1995) (placement in strip cell

without water or mattress for four days did not violate Eighth Amendment; prison officials must know of and disregard excessive risk to inmate's health or safety). Last, based on defendants' testimony at the evidentiary hearing--which the district court found more credible than Blackwell's--we agree that the force used to transport Blackwell to Lacey's office did not amount to punishment.  <u>See</u> <u>Graham v. Connor</u>, 490 U.S. 386, 395 n.10 (1989).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.