# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1846

_____

Arthur Dale Taylor,                                   *
                                                      *
          Appellant,                                  *
                                                      *    Appeal from the United States
     v.                                               *    District Court for the Eastern
                                                      *    District of Arkansas.
Larry Norris, Director, Arkansas                      *
Department of Correction; Max                         *    [UNPUBLISHED]
Mobley, Deputy Director, Arkansas                     *
Department of Correction; Grant                       *
Harris, Warden, Pine Bluff Unit,                      *
ADC; Maggie Capel, Assistant                          *
Warden, Pine Bluff Unit, ADC;                         *
Rebekah Davis, Site Administrator,                    *
Infirmary, Pine Bluff Unit, ADC;                      *
Wendy Maglothin, R.N., Director                       *
of Nursing, Pine Bluff Unit, ADC,                     *
                                                      *
          Appellees.                                  *

_____

Submitted:  May 21, 2002
Filed: June 10, 2002

_____

Before McMILLIAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Arthur Dale Taylor, an Arkansas inmate, appeals from the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. Taylor moves for preparation of a transcript at government expense and for permission to proceed in forma pauperis (IFP) on appeal. We deny him the transcript; grant him leave to appeal IFP, leaving the fee-collection details to the district court in accordance with 28 U.S.C. § 1915(b); and affirm the judgment of the district court.

We review the grant of summary judgment de novo, see Cooper v. Olin Corp., 246 F.3d 1083, 1087 (8th Cir. 2001), and we may affirm the judgment on any ground supported by the record, see Miller v. Benson, 51 F.3d 166, 170 (8th Cir. 1995). After thoroughly reviewing the record, we conclude that there were no genuine issues of material fact concerning defendants' liability. Taylor's claims against defendants Nurse Wendy Maglothin and Infirmary Administrator Rebekah Davis boil down to a disagreement as to the recommended treatment for his hernias and with Nurse Maglothin's decision not to schedule him for a doctor's appointment. See Vaughan v. Lacey, 49 F.3d 1344, 1346 (8th Cir. 1995) (disagreement as to proper course of treatment is not actionable under Eighth Amendment). Further, there was no proof that the remaining defendants were involved in the medical treatment decisions. See Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (prison official not involved in treatment decisions made by medical unit's staff cannot be liable for medical staff's diagnostic decisions).

Accordingly, we affirm. See 8th Cir. R. 47A(a).

---

[1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.