# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1257

_____

Alan Clyde Steele,

        Appellant,

    v.

Douglas Weber, Warden,
SDSP, in his official and
unofficial capacity; Dr. Eugene
R. Reigier; Dr. Herbert Saloum;
Dr. Jeff Luther; Dr. Michael
Rost; Dr. Scott Lockwood,
Avera McKennan Hospital;
John Doe, known and unknown;
Jesse Sondreal, Meade County
State's Attorney; Ward Dobler;
Garland Dobler,

        Appellees.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of South Dakota.
\*
\*   [UNPUBLISHED]
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

_____

Submitted: May 15, 2008
Filed: May 20, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

South Dakota inmate Alan Clyde Steele appeals following the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action, in which he claimed that he was denied adequate medical care in prison.

Steele argued below, as relevant, that prison doctors and officials violated his Eighth Amendment rights by refusing to continue prescribing him the high-dose narcotic pain medication he had been prescribed prior to his incarceration to treat his intractable-pain disorder from a crushed forearm. The medical records indicated, however, that the prison doctors believed Steele's pre-incarceration levels of medication were harmful to him based on his medical history and needs, that they performed numerous tests to determine the proper treatment, and that they continuously tried different methods and medications to treat his pain. Thus, the record shows a mere disagreement with the course of treatment, see Pietrafeso v. Lawrence County, S.D., 452 F.3d 978, 983 (8th Cir. 2006) (showing of deliberate indifference is greater than even gross negligence and requires more than mere disagreement with treatment decisions); Vaughan v. Lacey, 49 F.3d 1344, 1346 (8th Cir. 1995) (inmate who showed prison doctors disagreed with medications given prior to incarceration showed no more than disagreement with proper course of treatment), and does not support a conclusion that the prison's treatment was unreasonable, see Logan v. Clarke, 119 F.3d 647, 649-50 (8th Cir. 1997) (prison doctors were not deliberately indifferent where they treated prisoner on numerous occasions and offered sensible medication and treatment).

Steele also argues the district court erred in staying discovery. We find no gross abuse of discretion, and we note Steele did not file a motion under Federal Rule of Civil Procedure 56(f) explaining why he needed further discovery to resist summary judgment. See Sheets v. Butera, 389 F.3d 772, 780 (8th Cir. 2004) (standard

---

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

of review) <u>Stanback v. Best Diversified Prods., Inc.</u>, 180 F.3d 903, 911 (8th Cir. 1999) (party opposing summary judgment who believes he has not had adequate opportunity for discovery must seek relief under Rule 56(f), which requires affidavit showing what specific facts further discovery might unveil).

Accordingly, we affirm, <u>see</u> 8th Cir. R. 47B, and we deny the appellate motions to supplement the record.

_____