# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3169

_____

Jaysen McCleary, as Executor of the    *
Estate of Sandra A. Emas,    *
   *
       Appellant,    *
   *   Appeal from the United States
     v.    *   District Court for the
   *   Southern District of Iowa.
Reliastar Life Insurance Company,    *
   *
       Appellee.    *

_____

Submitted: March 16, 2012
Filed: June 29, 2012

_____

Before WOLLMAN and COLLOTON, Circuit Judges, and HICKEY,[1] District Judge.

_____

WOLLMAN, Circuit Judge.

This appeal hinges on whether Jaysen McCleary, as the administrator of his mother's estate, or ReliaStar Life Insurance Company (ReliaStar), owns claims that McCleary alleged against ReliaStar. The district court[2] granted summary judgment in favor of ReliaStar. We affirm.

_____

[1]The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas, sitting by designation.

[2]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

I.

Sandra Emas owned a $100,000.00 life insurance policy issued by ReliaStar. The policy named her estate as the beneficiary. When Emas died intestate on November 18, 2006, she left her son, McCleary, as her only heir. The Polk County District Court appointed McCleary as administrator[3] of his mother's estate.

In accordance with Iowa law, McCleary published a notice that any creditors with claims against the estate must file their claims with the district court for Polk County within "four months from the second publication of this notice" or their claims would be "forever barred." See Iowa Code § 633.410. McCleary published the first notice on December 11, 2006, and the second on December 27, 2006.

On July 9, 2009, the attorney for Emas's estate filed an application to withdraw as counsel. The application explained that "[a]ll assets have been distributed, and all claims have either been paid or disallowed without further filings by claimant." J.A. 27. It also stated that McCleary had not responded to the attorney's repeated mailings of the estate's "final income tax returns which are necessary to close the estate." See Iowa Code § 633.477 (requiring a statement concerning the payment of federal and state taxes in the final report for closure of an estate).

On July 20, 2009, McCleary filed for personal bankruptcy under Chapter 7 of the Bankruptcy Code. On April 21, 2010, he filed this suit against ReliaStar, alleging that ReliaStar had wrongfully refused to pay the estate benefits under Emas's insurance policy. McCleary sued as both an individual and as the administrator of the

---

[3]Under Iowa law, an administrator is any person appointed by the court to administer an intestate estate, and an executor is any person appointed by the court to administer the estate of a testate decedent. Iowa Code § 633.3. Because Emas died intestate McCleary is an administrator; however, the terms are used synonymously in documents in the record in this case.

estate, but he later voluntarily dismissed the claims filed in his individual capacity. The claims at issue here, then, are those that McCleary brings as administrator of the estate.

On July 9, 2010, the bankruptcy trustee filed a Notice of Intent to Sell McCleary's interest in the claims against ReliaStar. The notice stated:

> *All right, title, and interest of the Debtor's interest* in the claim against ReliaStar Life Insurance Company and ING USA Annuity and Life Insurance Company in a lawsuit filed in the Iowa District Court in and for Polk County, titled as follows: *Jaysen McCleary, Individually and as Executor of the Estate of Sandra A. Emas, Plaintiff*, v. ReliaStar Life Insurance Company and ING USA Annuity and Life Insurance Company, Defendants, Case No. LACL 117372, which claim was not listed in the bankruptcy petition and schedules to the following purchaser: ReliaStar Life Insurance Company for the following consideration: $2,500.00 cash, due and payable to the bankruptcy estate within 30 days of entry of the Court Order approving this sale.

J.A. 40 (emphasis added). The bankruptcy court approved the sale on August 3, 2010.

ReliaStar moved for summary judgment, arguing that Emas's interest in any cause of action against ReliaStar passed immediately to McCleary upon her death.[4] Because ReliaStar had purchased the interest from McCleary's bankruptcy trustee, it now owned the interest in the claims against it. McCleary opposed the motion, arguing that he did not intend to sell the interest in the claim that had passed to him by intestate succession.[5]

---

[4]In Iowa, title to a decedent's property passes to his or her beneficiaries immediately upon death but remains subject to the possession of the administrator of the estate during probate proceedings. Iowa Code § 633.350.

[5]McCleary's argument concerning what his interest in this suit is has evolved over the course of this litigation. In his response to ReliaStar's Undisputed Statement

The district court granted summary judgment in favor of ReliaStar. It held that the July 9, 2009, application to withdraw in probate court closed the estate because it represented that all assets had been distributed and all claims paid or disallowed. The court reasoned that McCleary could not bring a suit on behalf of a closed estate. Additionally, the district court held that the language of the Notice of Intent to Sell was sufficiently specific to encompass any claims McCleary had against ReliaStar, either individually or as the administrator of his mother's estate, with the result that ReliaStar, as the purchaser of McCleary's interest, owned the claims against itself.

II.

"We review a district court's decision to grant a motion for summary judgment de novo, applying the same standards for summary judgment as the district court." Gibson v. Am. Greetings Corp., 670 F.3d 844, 852 (8th Cir. 2012) (quoting Tusing v. Des Moines Indep. Cmty. Sch. Dist., 639 F.3d 507, 514 (8th Cir. 2011)). "Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." Rau v. Roberts, 640 F.3d 324, 327 (8th Cir. 2011) (quoting Hayek v. City of St. Paul, 488 F.3d 1049, 1054 (8th Cir. 2007)). "We may affirm summary judgment for any reason supported by the record, even if it differs from the rationale of the district court."

---

of Facts he claimed that he "sold his interest only in those claims which he personally had as primary beneficiary of his mother's life insurance policy." J.A. 73. Of course, McCleary was not the beneficiary of the policy, the estate was, and so such claims did not exist. Before the district court, McCleary argued that the estate still had an interest in the lawsuit because he, the heir to the estate, still had an interest in his claims through intestate succession. Appellee's Add. 6. McCleary has abandoned this argument on appeal, but argues that the estate still has an interest because he, as the administrator, could not and did not intend to sell the estate's interest because the estate is still open and includes a property encumbered by a mortgage. Appellant's Br. 11-15.

Qamhiyah v. Iowa State Univ. of Sci. and Tech., 566 F.3d 733, 741 (8th Cir. 2009) (quoting McGinnis v. Union Pac. R.R., 496 F.3d 868, 873 (8th Cir. 2007) (internal quotation omitted)).

McCleary now argues that the estate is still open, and that he, as administrator, thus maintains an interest in this lawsuit. Our consideration of the probate issues in this case is governed by Iowa law. See United States v. Goodson, 253 F.2d 900, 902 (8th Cir. 1958) (applying state law with respect to determining estate tax burden). We agree that Emas's estate is not closed, at least in the formal sense. See In re Hayer's Estate, 11 N.W.2d 593, 596 (Iowa 1943) (an "estate continues to exist until the property has been distributed or disposed of in accordance with the orders of court and the estate has been declared closed.") (citation omitted).

Although not formally closed, the estate was functionally closed because its assets had been distributed, no claims were pending against it, and any other claims were time-barred. Thus, McCleary need only file his final report and the relevant tax documents to be discharged as administrator and formally close the estate. See Iowa Code §§ 633.477-479. In fact, McCleary breached his fiduciary duty by failing to close the estate by December 27, 2009.[6] But for McCleary's breach of fiduciary duty in his role as administrator, the estate could have, and should have, been closed some four months before this lawsuit was filed. We need not decide, although we very much doubt, whether McCleary could bring an action on behalf of a functionally closed estate to which he had breached his fiduciary duty.

McCleary argues that he should be able to pursue his action because he did not sell his claims as administrator, the estate is open, and the estate owes a "considerable

---

[6]The Iowa Code imposes a fiduciary duty on estate administrators to close an estate within three years from the second publication of the notice to creditors, unless otherwise ordered by the court. Iowa Code § 633.473. McCleary published the second notice to creditors on December 27, 2006. Thus, absent a court order, he should have ensured that the Emas estate was closed by December 27, 2009.

sum of money regarding a mortgage on certain real estate." Appellant's Br. 14. Therefore, he argues that he could not possibly have released the estate's claims against ReliaStar because he had a fiduciary duty to collect the proceeds of the insurance policy and use them to pay down the mortgage. McCleary claims that "[w]hatever personal interest" he sold during bankruptcy "did not, and could not, extinguish the interest held by the Emas Estate . . . ." Id. at 14. We disagree.

As an initial matter, because McCleary did not raise the existence of a mortgage before the district court, we will not consider it for the first time on appeal. "Our review of the evidence includes only the record that was before the District Court when it ruled on the summary judgment motion." Minn. Supply Co. v. Raymond Corp., 472 F.3d 524, 532 (8th Cir. 2006) (citations omitted). The evidence in the record shows that the debts of the estate were all discharged or disallowed.[7]

We conclude that the Iowa Supreme Court's decision in Sweet v. Allstate Insurance Co., 471 N.W.2d 798 (Iowa 1991), controls this case. Jaron and Ruth Sweet's son was killed in a car accident. They filed a claim under an underinsured motorist provision in Jaron's automobile insurance policy and thereafter settled their claim with Allstate. Id. at 799. In doing so, they executed a release which stated that it "discharge[d] Allstate from any and all liability and from any and all contractual obligations whatsoever . . . ." Id. Later, Jaron Sweet, as administrator of his son's estate, filed a suit seeking to recover additional amounts under the same policy. Id. Jaron and Ruth were the sole heirs to their son's estate, and the estate had no outstanding creditors. Id. The Iowa Supreme Court held that beneficiaries of an estate could settle claims of the estate in the absence of creditors. Id. at 800. The court decided that summary judgment was not appropriate in the case before it,

_____

[7]In his opposition to summary judgment, McCleary quoted the estate's attorney's motion to withdraw stating "'all claims have either been paid or disallowed without further filings by the claimant,' meaning that any additional filings would be time-barred." Appellee's Add. 4. McCleary did not allege the existence of a mortgage in his opposition.

however, because there was an issue of fact as to whether all claims had been relinquished in light of the language of the release. Id. at 801. The court found that a genuine issue of fact existed as to whether the Sweets had intended to release claims that devolved upon them by intestate succession, in addition to those held directly by them as a result of their son's death. Id. The court reasoned that the sweeping language of the release, coupled with the fact that it was executed on a preprinted fill-in-the-blank type form, created an issue of fact as to which claims the Sweets intended to release. Id.

McCleary now argues that there is a similar issue of fact as to whether he sold the estate's interest in his bankruptcy proceedings. There is not. Like the Sweets, McCleary is the sole beneficiary and administrator of an estate with no outstanding creditors. Thus, he had the authority to settle claims of the estate. See id. at 800. Unlike the Sweets, however, McCleary released his claims through a sale in which he was able to define the universe of claims sold, rather than by being limited by the language of a printed form. The language that McCleary chose to use in selling his interest specifically stated that he relinquished "all right, title, and interest of the Debtor's interest" in a lawsuit that he brought "Individually and as Executor of the Estate of Sandra A. Emas." We agree with the district court that the language at issue here, unlike the language in Sweet, is not so "broad or indeterminate" that it creates an issue of fact. D. Ct. Order of Aug. 30, 2011, at 5. McCleary had the authority to sell the estate's interest in its claims against ReliaStar, and the plain language of the asset sold in the bankruptcy proceeding makes clear that he chose to do exactly that. Thus, ReliaStar now owns the claims brought against it.

III.

The judgment is affirmed.

_____