# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3839

_____

Mary E. Petersen

*Plaintiff - Appellant*

v.

Denny Kaemingk; Tim Reisch; Duane Russell; Brenda Hyde; Dr. Buron
Lindbloom; Darcy McClelland; Nikki Gossman; Melissa Simons; Judith Stout

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: August 29, 2013
Filed: September 4, 2013
[Unpublished]

_____

Before SMITH, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Mary E. Petersen appeals the district court's[1] adverse grant of summary
judgment in her 42 U.S.C. § 1983 action in which she claimed that defendants
exhibited deliberate indifference to her serious medical needs. Upon de novo review,

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the
District of South Dakota.

see Mason v. Corr. Med. Servs., Inc., 559 F.3d 880, 884-85 (8th Cir. 2009), and careful consideration of Petersen's arguments on appeal,[2] we find no basis for reversal. There is no evidence that the prison-official and nurse defendants were personally involved in the treatment decisions at issue, or that some defendants even knew of Petersen's medical problems. See Reynolds v. Dormire, 636 F.3d 976, 981 (8th Cir. 2011) (general responsibility for supervising prison is insufficient to establish personal involvement); Popoalii v. Corr. Med. Servs., 512 F.3d 488, 499 (8th Cir. 2008) (prima facie case of deliberate indifference requires demonstrating that inmate suffered from objectively serious medical need that defendants knew of but deliberately disregarded); Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002) (prison officials cannot substitute their judgment for medical professional's prescription). As to the remaining defendants, we agree with the district court that the record does not establish deliberate indifference. Rather, the record reflects repeated attention to Petersen's medical condition and the exercise of independent medical judgment as to the proper course of her treatment. See Popoalii, 512 F.3d at 499 (deliberate indifference is akin to criminal recklessness, which demands more than negligent conduct); Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1118-19 (8th Cir. 2007) (prison doctors remain free to exercise independent medical judgment); Vaughan v. Lacey, 49 F.3d 1344, 1346 (8th Cir. 1995) (disagreement between physicians over proper course of treatment is not actionable under § 1983).[3] The judgment of the district court is affirmed, and we deny Petersen's motion for copies.

_____

[2]We do not consider Petersen's new allegations, arguments, or claims, see Stone v. Harry, 364 F.3d 912, 914-15 (8th Cir. 2004); material that is not contained in the summary judgment record, see McCleary v. ReliaStar Life Ins. Co., 682 F.3d 1116, 1120 (8th Cir. 2012), cert. denied, 133 S. Ct. 879 (2013); or matters that have been waived on appeal, see Freitas v. Wells Fargo Home Mortg., Inc., 703 F.3d 436, 438 n.3 (8th Cir. 2013).

[3]Where there is no constitutional violation, the issue of qualified immunity need not be addressed. See Schmidt v. City of Bella Villa, 557 F.3d 564, 574 (8th Cir. 2009).