# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1581
_____

William Floyd

*Plaintiff - Appellant*

v.

Dr. Thomas Cabrerra, M.D., Medical Director; Jill Perkins, Health Services
Administrator; Dr. Robert Jarrett; Dr. F. Simmons, also known as Unknown
Simmons; Corizon, Inc., Formerly doing business as Correctional Medical
Services; Jackson Institutional Dental Services; Ernest Jackson, DMD, Director of
Dental Services

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Hannibal

_____

Submitted: February 25, 2014
Filed: June 6, 2014
[Unpublished]

_____

Before BENTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

William Floyd appeals from the order of the District Court[1] granting summary judgment to the defendants in his 42 U.S.C. § 1983 action in which he alleged that the defendants showed deliberate indifference to his serious medical needs by denying him reconstructive surgery for his jaw and failing to give him sufficient pain medication.

After careful review of the record below and the parties' arguments on appeal, we conclude that the record shows that the defendants were not deliberately indifferent to Floyd's medical needs. See Mason v. Corr. Med. Servs., Inc., 559 F.3d 880, 884–85 (8th Cir. 2009) (standard of review). Floyd was frequently seen by dentists, doctors, and oral surgeons; his pain, intermittent infections, and occasional inability to eat a regular diet were treated; at times, he would refuse his pain medication; and one of his doctors attested that the reconstructive surgery was not medically necessary. At most, the record shows a difference of opinion over the proper course of treatment. See Mason, 559 F.3d at 885 (explaining that proof of deliberate indifference requires a showing that a defendant possessed a state of mind "amounting to criminal recklessness"); Meuir v. Greene Cnty. Jail Emps., 487 F.3d 1115, 1118–19 (8th Cir. 2007) (noting that prison doctors remain free to exercise their independent medical judgment and that an inmate's difference of opinion over issues of expert medical judgment or a course of treatment does not establish a constitutional violation); Vaughan v. Lacey, 49 F.3d 1344, 1346 (8th Cir. 1995) (stating that a disagreement among physicians over the proper course of treatment is not actionable under § 1983 as an Eighth Amendment violation).

Accordingly, we affirm.

_____

[1]The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties under 28 U.S.C. § 636(c).